UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CECIL CHARLES CASEL, #58369-177    §
                                   §
    Movant,                        §
                                   §
v.                                 §    CIVIL CASE NO.  3:23-CV-1383-B-BK
                                   §    (CRIMINAL CASE NO. 3:19-CR-125-B-1 )
UNITED STATES OF AMERICA,          §
                                   §
    Respondent.                    §

MEMORANDUM OPINION AND ORDER

Before the court is Movant Cecil Charles Casel's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review, the motion is summarily **DISMISSED WITH PREJUDICE** as time barred.

I.    BACKGROUND

In 2021, Casel pleaded guilty to attempted child sex trafficking and was sentenced to 175 months. Crim. Doc. 102. On February 8, 2022, the Fifth Circuit Court of Appeals affirmed his conviction and sentence. Crim. Doc. 113. Casel moved for rehearing but the Fifth Circuit denied his request on March 7, 2022.  *See* Appeal No. 21-10607.[1]

On May 10, 2022, the court received a letter from Casel seeking appointment of counsel to help him prepare a motion to vacate sentence under 28 U.S.C. § 2255 and raising ineffective assistance of counsel. *United v. Casel*, No. 3:22-CV-1065-B-BK, Civ. Doc. 2. Although Casel stated that this is "not a Motion for my 2255 just request for professional help in this case, under 18 U.S.C. § 3006(A)," the letter was docketed as a first § 2255 motion. The court then denied

---

[1] All "Crim. Doc." citations refer to the related criminal case, *United States v. Casel*, No. 3:19-cr-125-B-1.  All Civ. Doc. citations refer to Casel's first § 2255 motion in *United v. Casel*, No. 3:22-CV-1065-B-BK.  And all "Doc." citations refer to this § 2255 case.

Casel's motion to appoint counsel and issued warnings in accordance with *Castro v. United States*, 540 U.S. 375 (2003), directing him to either (1) withdraw the motion to appoint counsel, which had been recharacterized as a first motion, or (2) amend the same by filing a proper § 2255 motion raising all grounds for relief from the conviction or sentence that he was challenging. Civ. Doc. 3; Civ. Doc. 4. On June 22, 2022, Casel moved to withdraw his request to appoint counsel stating he "does not intend [sic] to file a § 2255 motion at this time." Civ. Doc. 5. The court construed his request as a voluntary motion to dismiss the case and granted the same. Civ. Doc. 6.

On June 16, 2023, nearly a year later, Casel filed this § 2255 motion alleging the government breached the plea agreement and counsel rendered ineffective assistance during the plea and sentencing phases. Doc. 1 at 4-7. Because the motion appeared untimely, the court directed Casel to respond regarding the application of the one-year limitations period, which he has now done. Doc. 6; Doc. 9.

After review of all pleadings and the applicable law, the court concludes that Casel's § 2255 motion is barred by the applicable limitations period and should be dismissed.

## II.   ANALYSIS

**A.** The § 2255 Motion is Time Barred.

Section 2255 motions are subject to a one-year limitations period.  28 U.S.C. § 2255(f). Rule 4(b) of the Rules Governing Section 2255 Proceedings (Habeas Rules) requires courts to conduct a preliminary review of a § 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not

entitled to relief, the judge must dismiss the motion." Pursuant to this rule, the court may raise the statute of limitations *sua sponte* after giving the movant an opportunity to respond. *See Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding district courts may consider *sua sponte* an unargued timeliness defense where waiver is based on a mistake and the petitioner had an opportunity to respond).

Casel does not allege any facts that could trigger a starting date under § 2255(f)(2)-(4), so the limitations period began to run when his judgment of conviction became final under § 2255(f)(1). Casel's direct appeal was affirmed on February 8, 2022, Crim. Doc. 133, and he petitioned for rehearing, which was denied on March 7, 2022. *United States v. Casel*, No. 21-10607. Casel's judgment of conviction thus became final on Sunday, June 5, 2022, extended to Monday, June 6, 2022—when the time to file a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003). And the one-year limitations period expired on June 6, 2023. Therefore, Casel's § 2255 motion—deemed filed on June 9, 2023, when he placed it in the prison mailbox—is time-barred absent equitable tolling. Doc. 1 at 12. *See* Rule 3(d) of the Habeas Rules (applying the "mailbox rule" to inmates who use the prison's mail system).

**B.  There is no basis for Equitable Tolling**

**i. Applicable Standard**

A movant is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida* , 560 U.S. 631, 649 (2010) (cleaned up and citations omitted); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250,  257 (2016) ("[T]he

second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control.") (emphasis in original). Equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).

> Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. The principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect. Unfamiliarity with the legal process does not justify equitable tolling.

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (cleaned up and citations omitted).

Further, equitable tolling requires a litigant to pursue his rights with "reasonable diligence not maximum feasible diligence." *Holland*, 560 U.S. at 653 (cleaned up citations omitted). But the courts have "repeatedly emphasized that equitable tolling is not available to 'those who sleep on their rights.'" *Wickware v. Thaler*, 404 F. App'x 856, 861 (5th Cir. 2010) (per curiam) (citation omitted). And unexplained delays do not suggest due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

### ii. Analysis

Casel's arguments in favor of equitable tolling are unpersuasive. First, he asks that the June 6, 2023 statute-of-limitations deadline be extended by 28 days "because this represents the time-frame from when the court first put Casel on notice of its intent to construe his previous filing [No. 3:22-CV-1065-B-BK] … as a post-conviction motion." Doc. 9 at 2-3. But apart from his conclusory assertion, Casel does not explain why this arises to an extraordinary circumstance.

Second, Casel "request[s] that the [c]ourt toll the filing deadline a few short days to permit his § 2255 Motion to be timely filed." Doc. 9 at 3. Relying on *United States v. Patterson*, 211 F.3d 927, 931-32(5th Cir. 2000), he argues that his case presents rare and exceptional circumstances. Specifically, he contends that, "much like *Patterson*[,] Casel was never informed that his post-conviction clock remained running while his construed filing was pending." Doc. 9 at 3. He is wrong. In the order granting Casel's motion to withdraw his initial, construed § 2255 motion, the court explicitly cautioned Casel about the limitations period and that it applied to his initial action. Civ. Doc. 6 at 1 n.1. Footnote one stated *in toto*:

> Petitioner is cautioned that the 1996 amendment to the habeas statute impose a one year statute of limitations for filing habeas corpus petitions in federal court, see 28 U.S.C. § 2255(f), and that this provision *is applicable to this action* as well as *to any other one that he may file in this court*.

*Id.* (emphasis added). And the court had mailed Casel a copy of the § 2255 form and it prominently includes a paragraph titled "TIMELINESS OF MOTION," which quotes in its entirety the § 2255 statute of limitations. Civ. Doc. 4-1 at 12 (for copy of AO 243 form).

*Patterson* is also distinguishable. When Patterson moved to dismiss his first, timely § 2255 motion, both he and the court "apparently were under the mistaken impression that he would not be time-barred from filing another § 2255 motion." *Patterson*, 211 F.3d at 931. The Fifth Circuit thus concluded that "Patterson relied to his detriment on the district court's granting of his request to dismiss the initial, timely filed § 2255 motion in order to refile it at a later date." *Patterson*, 211 F.3d at 931-32. That is not the situation here. The court did not mislead Casel. On the contrary, as noted, the court gave him more than adequate notice of the one-year

limitations period. And more than ten months remained on Casel's limitations period when the court granted his motion to withdraw and dismissed his initial, construed § 2255 motion. *See United States v. Petty*, 530 F.3d 361, 367 (2008) (affirming denial of equitable tolling because the circumstances were "not so compelling" as in *Patterson*).

Besides Casel's bare allegations to the contrary fail to establish that any extraordinary circumstance outside of his control stood in his way and *actually prevented him* from timely filing this § 2255 motion. *Wheaten*, 826 F.3d 843, 851. To be sure, "[t]he extraordinary-circumstance prong incorporates a causation requirement; the movant must show that the extraordinary circumstance caused the untimely filing." *United States v. Valles*, No. 19-50343, 2023 WL 248889, at *2 (5th Cir. 2023) (unpublished) (citations omitted). And Casel has not shown any of that here.

Further, Casel did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). For sure he promptly moved to appoint counsel (construed as his initial § 2255 motion) before his conviction became final.  But his diligence ended there. After the voluntary dismissal of his initial § 2255 motion, Casel squandered the remaining one-year period—more than 10 months. This extended period of inactivity indicates a lack of due diligence. And Casel's pleadings fail to explain this prolonged period of idleness or the delayed mailing of the § 2255 motion on June 9, 2023, three days after the limitations period had elapsed. Simply put, unexplained delays or "delays of the petitioner's own making" establish neither due diligence or rare and extraordinary circumstances. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (citation omitted).

It was also imprudent and plainly careless for Casel to wait until near a deadline to make a filing especially knowing of the looming one-year deadline. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (per curiam) (denying equitable tolling because the petitioner waited first 10 and then 18 months to seek a status inquiry and had delayed seven months to file his state application); *Valles*, No. 19-50343, 2023 WL 248889, at *2 (5th Cir. 2023) (finding non-diligent a § 2255 movant who failed to explain the delay (citing *Stroman*, 603 F.3d at 302-03)). Additionally, neither Casel's *pro se* status nor his unfamiliarity with the law rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-66.

In sum, Casel presents no facts suggesting that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. He has thus failed to carry his burden of establishing that equitable tolling is warranted in this case. See *Petty*, 530 F.3d at 365. His § 2255 motion should therefore be dismissed.

## III.   CONCLUSION

Accordingly, Casel's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS; 28 U.S.C. § 2255(f).

SO ORDERED this 4th day of March, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE